

# IN THE CIRCUIT COURT FOR CHEATHAM COUNTY, TENNESSEE
## AT ASHLAND CITY

| | |
|---|---|
| STEPHANIE DOWLEN, <br> Plaintiff, | ) <br> ) <br> ) |
| vs. | ) Docket No. 5831 <br> ) Jury Demand |
| DEVRY INC. d/b/a <br> CHAMBERLAIN COLLEGE OF NURSING, <br> Defendant. | ) <br> ) <br> ) <br> ) |

FILED
NOV 01 2007
JULIE WOMACK
CIRCUIT COURT CLERK

## COMPLAINT

Comes now Stephanie Dowlen and for her complaint against Defendants, states as follows:

1. The Plaintiff, Stephanie Dowlen, is a resident of Cheatham County, Tennessee, residing at 1812 Mt. Zion Road, Ashland City, Tennessee 37015.

2. Defendant, Devry Inc. d/b/a Chamberlain College of Nursing, is located at One Tower Lane, Oakbrook Terrace, Illinois 60181-4624.

3. At all times during the application to attend and during her attendance at Devry's "Chamberlain College of Nursing", Plaintiff has resided and attended via on line courses in Cheatham County, Tennessee.

4. Venue in the instant case is properly found in Cheatham County, Tennessee pursuant to T. C. A. § 20-4-101(a).

## COUNT I

### BREACH OF CONTRACT


EXHIBIT A

5. On or about August 2006 Plaintiff and Defendants, Devry Inc., entered into an agreement in writing, pursuant to certain of the terms of which Defendants agreed to allow Plaintiff to attend their college via on line courses.

6. Plaintiff registered for course in approximately summer 2006 and was accepted in August 2006.

7. Plaintiff began attending course in October 2006.

8. Plaintiff attended two (2) trimesters and completed 20.0 credit hours and had a 3.57 GPA.

9. Plaintiff had completed all requirements for attendance in "clinicals" which is required before licensure.

10. Plaintiff learned in June 2006 that she would not be able to do her "clinicals" in Tennessee which was at all times prior to and during her attendance known by Defendants.

11. The course work and hours completed by Plaintiff in attending "Chamerlain College of Nursing" are not accepted by any other college and as Plaintiff is unable to complete her "clinicals" she is unable to become a licensed nurse in the State of Tennessee.

12. At all times it was known by the Defendants that Plaintiff resided in and intended to remain in the State of Tennessee.

13. At all times it was known or should have been known by Defendants that they were not approved by the Tennessee State Board of Nursing to offer clinicals in the State of Tennessee.

14. Plaintiff offered to attend "clinicals" in the State in which Chamberlain College of nursing but was told "that is not an option."

15. Plaintiff did fully comply with all of her obligations pursuant to the requirements of the college.

16. Defendants materially breached the Agreement by failing to disclose that Plaintiff could not attend "clinicals" in the State of Tennessee and therefore could not receive licensure in the State of Tennessee.

17. Plaintiff has duly performed all of the terms and conditions of the agreement to be performed by her and has always been, and still is, ready and willing to perform the terms and conditions required, but Defendants has failed and refused, and still fails and refuses, to perform their obligation pursuant to the agreement.

18. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at a hearing of this matter.

## COUNT II

## FRAUD

19. At the times the Defendants made the above statements and agreements with Plaintiff, Defendants knew these statements were false.

20. Believing these statements, Plaintiff relied upon these representations and statements of Defendants.

21. In reliance thereon, Plaintiff attended on line course with Chamberlain College of Nursing.

22. As a result, Plaintiff suffered substantial damages and harm.

WHEREFORE, Plaintiff, Stephanie Dowlen, prays as follows:

1. That Defendants be served with process and be required to respond in accordance with the Tennessee Rules of Civil Procedure.

2. That Defendants be found to have breached the contract between themselves and Plaintiff.

3. That Defendant be found to have defrauded Plaintiff.

4. That Plaintiff be awarded a judgment for compensatory damages in an amount to be determined at trial.

5. That Plaintiff be awarded a judgment in the amount of one million dollars ($1,000,000.00) as punitive damages.

6. That the costs of this cause be charged to the Defendants.

7. Prejudgment and post judgment interest allowed by law.

8. That Plaintiffs, be awarded treble damages pursuant to Tennessee Code Annotated 47-18-109(3).

9. For such further and other relief to which Plaintiff may be entitled.

10. That this matter be tried by a jury.

_____
Stephanie Dowlen

Respectfully submitted,

_____
Rhonda R. Crabtree, BPR #022058
Attorney for the Plaintiff
106 North Main Street
Ashland City, Tennessee 37015
(615) 792-2885

_____
Eric K. Lockert, BPR #021224
Attorney for Plaintiff
Lockert Law Firm PLLC
105 Sycamore Street
Ashland City, Tennessee 37015
Office:     (615) 792-4333
Facsimile:  (615) 792-4334


I am surety for the costs of this cause not to exceed $500.00.

_____
Stephanie Dowlen, Principal

_____
Rhonda R. Crabtree, Surety

_____
Eric K. Lockert, Surety



*STATE OF TENNESSEE*     )
*COUNTY OF CHEATHAM*     )

### OATH

I, Stephanie Dowlen, being duly sworn according to law, do hereby make oath that the facts stated in my foregoing complaint are true to the best of my knowledge,

information and belief, and that my complaint is not made out of levity or by collusion with the Defendant, but in truth and sincerity for the causes mentioned on the complaint.

_____
Stephanie Dowen

Sworn to and subscribed before me this 25 day of _____ 20___.

_____
NOTARY PUBLIC
My Commission Expires June 8, 2009