IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEPHANIE DOWLEN, : | |
| : | |
| Plaintiff, : | |
| : | Case No. 3:07-1220 |
| v. : | Judge Trauger |
| : | Magistrate Judge Griffin |
| DEVRY, INC., d/b/a CHAMERBLAIN : | |
| COLLEGE OF NURSING, : | JURY DEMAND |
| : | |
| Defendant. : | |

## ANSWER

Defendant DeVry, Inc., d/b/a Chamberlain College of Nursing ("DeVry"), submits the following as its Answer to the Complaint of Plaintiff Stephanie Dowlen.

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and those allegations are therefore deemed denied.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and those allegations are therefore deemed denied.

4. This matter has been removed from the Circuit Court for Cheatham County, Tennessee to the United States District Court for the Middle District of Tennessee, Nashville Division. Defendants state that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

5. On August 1, 2006, Defendant mailed Plaintiff a letter of acceptance into Chamberlain College of Nursing's ASN online program for the October 2006 semester. Defendant denies that Plaintiff and Defendant entered into a contract. Answering further, Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Plaintiff applied to Chamberlain College of Nursing in January 2006 and in August 2006, Plaintiff was accepted into the ASN online program for the October 2006 semester.

7. Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits that Plaintiff attended two (2) trimesters and completed 20.0 credit hours, but Plaintiff had a GPA of 3.70.

9. The term "clinicals" as used in Paragraph 9 is not defined and is vague and ambiguous. To the extent that "clinicals" refers to preceptor-supervised clinical experiences, Defendant states that Plaintiff was responsible for working with a clinical coordinator to establish preceptor-supervised clinical experiences for her nursing courses. Establishing the availability of this clinical experience was a requirement for Plaintiff to continue at Chamberlain College of Nursing.

10. Defendant denies the allegation contained in Paragraph 10 of Plaintiff's Complaint that Defendant knew that a clinical site in Tennessee would not be available for Plaintiff. Defendant is without sufficient information or knowledge to form a belief about what Plaintiff knew in June 2006.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that it knew Plaintiff resided in Tennessee, however, Defendant has no knowledge as to what Plaintiff intended and denies all remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint. Answering further, Defendant states that Defendant offered to work with Plaintiff to complete her preceptor-supervised clinical experiences in Missouri or Ohio, however, Plaintiff declined this option.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies that Plaintiff is entitled to recover any damages from Defendant.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies that Plaintiff is entitled to recover any damages from Defendant.

23. Any and all allegations not heretofore admitted or denied are hereby denied.

## AFFIRMATIVE DEFENSES

1) When Plaintiff was accepted into Chamberlain College of Nursing's ASN online program, she was told: "The Associate of Science in Nursing program, campus option, is approved by the Missouri State Board of Nursing. The Associate of Science in Nursing program, online option, has conditional approval from the Missouri State Board of Nursing." Plaintiff was not told that the online program had been approved by the Tennessee State Board of Nursing.

2) No false statement was made by Defendant to Plaintiff upon which Plaintiff relied to her detriment.

3) Plaintiff's claims are barred, in whole or in part, because of the truth of Defendant's statements.

4) Defendant believed that clinical sites could be found for Plaintiff in Tennessee.

5) Plaintiff was not told by Defendant that preceptor-supervised clinical experiences for her nursing courses were available in Tennessee.

6) Plaintiff's allegation of fraud is not pled with the particularity required by Fed.R.Civ.P. 9(b).

7) At all times Defendant acted in good faith.

8) Under Tennessee law, receipt of an acceptance letter does not constitute a contract. Defendant disputes that a contract existed between Defendant and Plaintiff.

9) Alternatively, Defendant contends that if a contract existed between Plaintiff and Defendant, Defendant met all of its contractual obligations.

10) If a contract existed between Plaintiff and Defendant, Plaintiff was the first to breach the contract, if any.

11) Defendant disputes the nature and extent of Plaintiff's damages and losses.

12) Some or all of Plaintiff's damages, if any, were caused or contributed to by Plaintiff's failure to mitigate.

13) Plaintiff's claims are barred to the extent that Plaintiff's alleged damages have been paid or satisfied by Defendant.

14) Plaintiff is not entitled to punitive damages for this claim.

15) Plaintiff is not entitled to treble damages for this claim.

16) Plaintiff's claims are barred by the doctrines of estoppel, laches, and waiver.

17) Plaintiff's claims must fail, because the alleged damages were not a foreseeable result of any of Defendant's actions.

18) Defendant reserves the right to assert further Affirmative Defenses as they become available through discovery or investigation.

WHEREFORE, Defendant has fully responded to the Complaint filed by Plaintiff, Stephanie Dowlen, and Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice with all costs being taxed to Plaintiff.

Submitted this 13th day of December, 2007.

Respectfully submitted,

FROST BROWN TODD LLC

/s/ Julie A. Schreiner-Oldham
M. Clark Spoden (BPR # 7364)
Julie Schreiner-Oldham (BPR # 24695)
424 Church Street, Suite 1600
Nashville, Tennessee 37219

615.251.5550
615.251.5551 *facsimile*

*Attorneys for Defendant DeVry, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing document has been served via U.S. Mail, postage prepaid, upon Rhonda R. Crabtree, Esq. 106 North Main Street, Ashland City, TN 37015 and by ECF upon Eric Lockert, Esq., 105 Sycamore Street, Ashland City, TN 37015, on this the 13th day of December, 2007.

/s/ Julie A. Schreiner-Oldham

NSHLibrary 0111321.0555341 71105v1